# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 5, 2001 Session

## PATRICK JOSEPH EDGIN  v. VALENTINA PAULOVNA EDGIN

**Appeal from the Chancery Court for Maury County**
**No. 99-267     Jim T. Hamilton, Chancellor**

---

**No. M2000-02122-COA-R3-CV - Filed April 30, 2001**

---

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and D. MICHAEL SWINEY, JJ., joined.

Rick C. Osborn, Columbia, Tennessee, for the appellant, Patrick Joseph Edgin.

Barbara J. Walker, Columbia, Tennessee, for the appellee Valentina Paulovna Edgin.

## MEMORANDUM OPINION

These mid-life parties were married on October 15, 1997 in Marshall County, Tennessee, after a whirlwind courtship. *Wife*, a resident native of Minsk, Belarus, responded to a notice inserted in a lovelorn magazine of worldwide circulation by *Husband* that he was seeking a wife. They met in Warsaw, Poland for acquaintanceship; later, when she obtained a visa, Wife soon found her way to Tennessee.

The marriage did not prosper; Wife moved to New York, but returned to Husband who was living in Columbia, on three occasions for short visits. Attempts at reconciliation were unavailing, and Husband filed a divorce complaint on May 4, 1999, alleging inappropriate conduct of Wife, who denied any impropriety and filed a counterclaim alleging inappropriate conduct by Husband.

Her pleading denial of inappropriate conduct notwithstanding, Wife, in open court, admitted to adulterous conduct on the occasion of her first visit to New York; she later traveled to San Francisco on an "excursion" and met another man to "discuss the opening of a marriage agency in Columbia.". These acts, superimposed upon somewhat milder behavior, motivated Husband's charge of inappropriate conduct.

Taking the offensive, Wife charged Husband with making her his "domestic and sex slave" and with "rough and rude conduct" toward her.

The trial court awarded wife a divorce, $7,500.00 as alimony *in solido*, and attorney fees of $1,855.00, which aggrieves Husband, who appeals and presents the propriety of these awards for appellate review.

We have reviewed this record and particularly the judgment *de novo*. As required by Rule 13 (d) T.R.A.P., the judgment is presumed to be correct unless any portion of it is contrary to the preponderance of the evidence.

The only witnesses to testify were the parties, the credibility of whom was crucial to a resolution of the case, *Tenn-Tex Properties v. Brownell Electro.*, 778 S.W.2d 423 (Tenn. 1989), and the trial judge minced no words in deciding the issue favorably to Wife. Doubtless the crude, sex-driven language employed by Husband during his testimony had its effect, but we cannot find that the evidence preponderates against the judgment, which is affirmed pursuant to Rule 10, Rules of the Court of Appeals.[1]

Costs are assessed to the appellant and the surety of his bond.

_____
WILLIAM H. INMAN, SENIOR JUDGE

---

[1] **Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]